LAW OFFICES OF RICHARD W. DAVIS
RICHARD W. DAVIS (SBN 161858)
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, California  90067
Telephone: 310.551.4123
Facsimile: 323.843.9291

Attorneys for Defendants STEPHEN
    CARBONE and REALITY STEVE,
    LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>      vs.<br><br>STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO. CV 12-10887 GHK (Ex)<br><br>**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEPHEN CARBONE**<br><br>Date:    March 18, 2013<br>Time:   9:30 a.m.<br>Crtrm.: 650 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 18, 2013, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 650 of the Western District of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, CA 90012, Defendants Stephen Carbone and Reality Steve, LLC ("Defendants") will and hereby do present a Special Motion to Strike the Complaint pursuant to California Code of Civil Procedure Section 425.16, on the

C:\_DATA\Carbone-NZK\motion to strike.doc

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF STEPHEN CARBONE IN SUPPORT

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1  grounds that the lawsuit filed by Plaintiffs NZK Productions Inc. and Horizon

2  Alternative Television Inc. (ōPlaintiffsö) was brought to chill Defendantsø valid

3  exercise of their constitutional right of free speech, and Plaintiffs cannot

4  demonstrate a probability of success on their claims.

5         The Motion will be based upon this Notice, the attached Memorandum of

6  Points and Authorities and Declaration of Stephen Carbone, the pleadings and

7  records on file herein, and upon such further oral and documentary evidence as may

8  be presented at the hearing of the motion.

9         This motion is made following the conference of counsel pursuant to L.R. 7-3

10  which took place on January 14, 2013.

11

12  Dated: February 11, 2013          LAW OFFICES OF RICHARD W. DAVIS

13

14                                    By: /s/
                                         _____
15                                        RICHARD W. DAVIS
                                          Attorneys for Defendants STEPHEN
16                                        CARBONE and REALITY STEVE, LLC

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEPHEN CARBONE IN SUPPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF PERTINENT FACTS ................................................1

      A.    THE PARTIES ............................................................................1

      B.    THE PRIOR COURT ACTION ...................................................2

      C.    THE WRITTEN SETTLEMENT AGREEMENT RESOLVING
            THE FIRST ACTION ...................................................................2

      D.    THE CURRENT LAWSUIT ........................................................4

III.  DISCUSSION .......................................................................................4

      A.    STANDARDS FOR AN ANTI-SLAPP MOTION TO STRIKE..........4

      B.    THE LAWSUIT ARISES OUT OF DEFENDANTSø
            STATEMENTS OR WRITINGS MADE IN A PUBLIC
            FORUM IN CONNECTION WITH AN ISSUE OF PUBLIC
            INTEREST, AND THUS IS SUBJECT TO CALIFORNIAøS
            ANTI-SLAPP STATUTE ..............................................................6

            1.    Defendantsø Statements Were Made In A Place Open To
                  The Public Or A Public Forum ..........................................7

            2.    Defendantsø Statements Were Made In Connection With
                  An Issue Of Public Interest ...............................................7

            3.    Plaintiffsø Claims Are Not Subject To The Exemptions Set
                  Forth In California Code of Civil Procedure Section
                  425.17 ...............................................................................8

      C.    BECAUSE DEFENDANTS HAVE MADE A PRIMA FACIE
            SHOWING THAT PLAINTIFFSø SUIT ARISES FROM
            DEFENDANTSø EXERCISE OF FREE SPEECH, PLAINTIFFS
            MUST ESTABLISH A PROBABILITY OF PREVAILING ON
            THEIR CLAIMS ...........................................................................9

            1.    Plaintiffs Cannot Establish A Probability Of Success On
                  Their First Cause Of Action For Intentional Interference
                  With Contractual Relationship ...........................................9

                  a.    The Partiesø Settlement Agreement Bars All Claims
                        Other Than Those To Enforce The Settlement
                        Agreement ................................................................9

C:\_DATA\Carbone-NZK\motion to strike.doc

i

1

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | |
|---|---|---|---|
| | b. | Because Plaintiffs' First Cause Of Action Was Filed In Contravention Of The Parties' Settlement Agreement, Plaintiffs Cannot Show A Probability Of Success ................................................................... | 10 |
| | c. | Plaintiffs Have No Facts To Support Their First Cause of Action ................................................................. | 11 |
| 2. | | Plaintiffs Cannot Establish A Probability Of Success On Their Second Cause Of Action For Breach Of Contract Because They Have Alleged No Facts To Support The Claim ......................................................................... | 11 |
| IV. | CONCLUSION ............................................................................ | | 12 |

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEPHEN CARBONE IN SUPPORT

# TABLE OF AUTHORITIES

**Page**

## CASES

Barrett v. Rosenthal, 40 Cal.4th 33 (2006) ................................................................... 7

Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003) ............................................................ 5

Browne v. McCain, 611 F.Supp.2d 1062 (C.D.Cal. 2009) ........................................... 5

Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc., 448 F.Supp.2d
     1172 (C.D.Cal. 2006) ............................................................................................6, 11

Hilton v. Hallmark Cards, 599 F.3d 894 (9th Cir. 2010) ............................................. 7

Knievel v. ESPN, 393 F.3d 1068 (9th Cir. 2005) ......................................................... 2

Lieberman v. KCOP Television, Inc., 110 Cal.App.4th 156 (2003) ........................... 7

Ludwig v. Superior Court, 37 Cal.App.4th 8 (1995) .................................................... 5

Manufactured Home Communities, Inc. v. County of San Diego, 606
     F.Supp.2d 1266 (S.D.Cal. 2009) .........................................................................5, 6

Metabolife International v. Wornick, 264 F.3d 832 (9th Cir. 2001) ........................... 6

New.net, Inc. v. Lavasoft, 356 F.Supp.2d 1090 (C.D.Cal. 2004) ...........................5, 6

Nicosia v. De Rooy, 72 F.Supp.2d 1093 (N.D.Cal. 1999) ..........................................12

Nygard, Inc. v. Uusi-Kerttula, 159 Cal.App.4th 1027 (2008) .................................... 7

Price v. Stossel, 590 F.Supp.2d 1262 (C.D.Cal. 2008) ............................................... 5

Rogers v. Home Shopping Network, 57 F.Supp.2d 973 (C.D.Cal 1999) .............6, 11

Rusheen v. Cohen, 37 Cal.4th 1048 (2006) .................................................................. 6

Seelig v. Infinity Broadcasting Corp., 97 Cal.App.4th 798 (2002) ............................ 7

United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d
     963 (9th Cir. 1999) ................................................................................................... 5

## STATUTES

Cal. Civ. Proc. Code § 425.16(a) ................................................................................. 4

Cal. Civ. Proc. Code § 425.16(e) ................................................................................. 7

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEPHEN CARBONE IN SUPPORT

California Code of Civil Procedure Section 425.16.................................................... 1

California Code of Civil Procedure Section 425.17.................................................... 8

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

C:\_DATA\Carbone-NZK\motion to strike.doc

iv

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEPHEN CARBONE IN SUPPORT

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs, producers of the successful television series, "*The Bachelor*" (hereinafter the "Series"), hate the fact that Defendants operate a website that publishes newsworthy updates and "spoilers" concerning several reality television shows, including the Series.  In a thinly-veiled effort to chill Defendants from posting spoilers, Plaintiffs filed a factually-devoid complaint against Defendants, asserting two claims, each entirely conclusory and both wholly lacking merit.

This action represents the second time Plaintiffs have filed suit against Defendants for posting spoilers concerning the Series.  Resolution of the first suit involved Defendants' signing an agreement (the "Settlement Agreement") which prohibited Defendants from contacting certain individuals ("Cast," "Crew" and "Employees" of the Series, as those terms were specially defined in the agreement) to obtain information concerning the Series.  Despite Defendants' careful navigation of the limitations imposed by the Settlement Agreement, Plaintiffs filed the present action alleging, ***without reference to anything other than pure speculation***, that Defendants breached the Settlement Agreement in order to obtain spoiler information, and induced ***unspecified*** persons to breach their ***unspecified*** contracts with Plaintiffs.  Because the complaint was filed to chill Defendants' valid exercise of free speech, Defendants file this special motion to strike the complaint.

## II. STATEMENT OF PERTINENT FACTS

### A. THE PARTIES

"*The Bachelor*" is a successful reality television show produced by Plaintiffs. Complaint, ¶1.[1]  The Series revolves around a single bachelor eliminating female

---

[1] Although the complaint neglects to allege that Plaintiffs are the producers of or own any rights in the Series, those facts are not in dispute.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1 contestants as he looks for love.  Id.

2       Defendants operate a website known as www.realitysteve.com, which posts

3 updates and spoilers concerning the Series, including updates and spoilers about the

4 season presently being aired.  Complaint, ¶¶16, 18.

5 **B.     THE PRIOR COURT ACTION**

6       On or about December 6, 2011, Plaintiffs filed in this Court an action entitled

7 NZK Productions Inc., et al., v. Stephen Carbone, et al., Case No. 11-10118 GHK

8 (Ex), alleging claims against Defendants for intentional interference with contractual

9 relations and unfair competition (the "First Action").  *See* Plaintiffs' Notice of

10 Related Case, Docket No. 3.  In May 2012, Plaintiffs and Defendants resolved the

11 First Action by entering into a written Settlement Agreement, discussed below.[2]

12 **C.     THE WRITTEN SETTLEMENT AGREEMENT RESOLVING THE**

13      **FIRST ACTION**

14      To resolve the First Action, Defendants signed a Settlement Agreement,

15 pursuant to which they agreed, for a period of five years from May 31, 2012, not to

16 contact, directly or indirectly, "any Cast, Crew and/or other Employees (each as

17 defined in Paragraph 1.B.) of the Bachelor Series in violation of Paragraph 1.C.,

18 below."  *See* Exhibit A, ¶1.A.

19      The terms "Cast," "Crew" and "Employees" were specially defined in the

20 Settlement Agreement.  *See* Exhibit A, ¶1.B.

21

22 _____

23 [2] Although Plaintiffs' second cause of action is premised upon the purported breach

24 of this Settlement Agreement, Plaintiffs neglected to attach the Settlement
   Agreement to the Complaint.  Because the precise terms of the agreement are

25 pertinent to the issues raised in this motion, Defendants attach the Settlement
   Agreement as Exhibit A to the Declaration of Stephen Carbone.  The Court is

26 permitted to consider that document under the incorporation by reference doctrine.

27 Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

28

The term "Indirectly" also was specially defined in the Settlement Agreement to mean "to employ, offer financial inducement, or pay financial inducement to a third-party intermediary to solicit non-public information about the Bachelor Series from a Cast, Crew, or other Employee." *See* Exhibit A, ¶1.B.

The Settlement Agreement defined a breach as occurring in one of two ways:

> (1) where the Carbone Parties and Agents initiate Contact, directly or Indirectly, with any Cast, Crew, and/or other Employees of the Bachelor Series concerning any non-public details of the Bachelor Series; or (2) where the Carbone Parties and Agents do not initiate the Contact with any Cast, Crew, and/or other Employees of the Bachelor Series but, upon inquiry and learning that the individual that Contacted them is a Cast, Crew, or other Employee of the Bachelor Series, offer or pay financial inducement for any non-public details of the Bachelor Series.

*See* Exhibit A, ¶1.C.

In an effort to avoid any further chilling of Defendants' right of free speech, the Settlement Agreement imposed upon Plaintiffs the following prerequisite to the filing of a suit seeking injunctive relief:

> The NZK Parties agree to provide written notice to the Carbone Parties of some evidence of breach (e.g., an email, letter, affidavit, etc.), and the Carbone Parties shall have ten (10) calendar days to respond to that evidence, before the NZK Parties seek injunctive relief.

*See* Exhibit A, ¶1.E.

Finally, the parties to the Settlement Agreement agreed not to bring any claim against the other except to enforce the Settlement Agreement:

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1         Each Party hereby covenants and agrees not to bring any claim,

2         action, suit, or other proceeding against any other Party hereto,

3         directly or indirectly, regarding or related in any matter [sic] to

4         the claims released in this Agreement, except to enforce the

5         Agreement, and each Party further covenants and agrees that

6         this Agreement is a bar to any such claim, action, suit, or

7         proceeding.

8 *See* Exhibit A, ¶5.G.

9 **D.**    **THE CURRENT LAWSUIT**

10      The 17th season of the Series premiered on January 7, 2013. Complaint, ¶2.

11 Before the series aired, Defendants posted on www.realitysteve.com certain spoilers

12 concerning the season. Id. at ¶¶ 18, 19.

13      Before filing this suit, Plaintiffs did not serve Defendants with written notice

14 containing evidence (an email, letter; affidavit, etc.) of a breach of the Settlement

15 Agreement, as expressly required by Paragraph 1.E. of the Settlement Agreement.

16 Declaration of Stephen Carbone ("Carbone Decl."), ¶4.

17      The complaint includes two claims. The first claim for intentional

18 interference with contract includes a request for injunctive relief. Complaint, ¶31,

19 Prayer No. 2.

20                     **III. DISCUSSION**

21 **A.**    **STANDARDS FOR AN ANTI-SLAPP MOTION TO STRIKE**

22      Responding to the "disturbing increase in lawsuits brought primarily to chill

23 the valid exercise of the constitutional rights of freedom of speech and petition for

24 the redress of grievances," the California Legislature enacted the "anti-SLAPP"

25 statute. Cal. Civ. Proc. Code § 425.16(a). The statute was intended to prevent the

26 chilling of participation in matters of public significance through abuse of the

27 judicial process, "and to provide a fast and inexpensive unmasking and dismissal"

28

4

of such claims." Price v. Stossel, 590 F.Supp.2d 1262, 1265 (C.D.Cal. 2008), quoting Ludwig v. Superior Court, 37 Cal.App.4th 8, 16 (1995).  To that end, the statute directs courts to construe the statute broadly.

The anti-SLAPP statute provides a procedural remedy to any person or entity sued in a Strategic Lawsuit Against Public Participation ("SLAPP").  SLAPP suits "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003).  "The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goal [] of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned." United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970 (9th Cir. 1999).  The person sued may bring a special motion to strike a claim arising from any act of that person in furtherance of his right of petition or free speech under the United States or California Constitution in connection with a public issue.

The anti-SLAPP statute places the initial burden on the defendant to make a prima facie showing that the plaintiff's claims arise from an act in furtherance of the defendant's rights of petition or free speech in connection with a public issue. New.net, Inc. v. Lavasoft, 356 F.Supp.2d 1090, 1098 (C.D.Cal. 2004); Browne v. McCain, 611 F.Supp.2d 1062, 1067 (C.D.Cal. 2009).  "Once this showing is made, the presumption is that the purpose of the suit was to chill the defendant's rights, and the burden shifts to the plaintiff to show ¬a probability of prevailing on the claims.'" Manufactured Home Communities, Inc. v. County of San Diego, 606 F.Supp.2d 1266, 1271 (S.D.Cal. 2009).

Once the defendant meets this initial burden, the plaintiff must establish, by competent and admissible evidence, a probability that the plaintiff will prevail on his claims at trial. Browne, 611 F.Supp.2d at 1067-68.  To do this, the plaintiff must

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123  |  Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1  demonstrate that the complaint is legally sufficient and supported by a prima facie

2  showing of facts to sustain a favorable judgment if the evidence submitted by the

3  plaintiff is credited." New.net, 356 F.Supp.2d at 1098.  "Not only must the plaintiff

4  demonstrate that prevailing is possible, it must demonstrate that prevailing is a

5  'reasonable probability.'" Manufactured Home Communities, 606 F.Supp.2d at

6  1271, citing Rusheen v. Cohen, 37 Cal.4th 1048, 1056 (2006).

7       "If an anti-SLAPP motion is based on legal deficiencies in the complaint, a

8  federal court 'must determine the motion in a manner that complies with the

9  standards set by Federal Rules 8 and 12.'" Bulletin Displays, LLC v. Regency

10  Outdoor Advertising, Inc., 448 F.Supp.2d 1172, 1180 (C.D.Cal. 2006), quoting

11  Rogers v. Home Shopping Network, 57 F.Supp.2d 973, 982 (C.D.Cal 1999).  "[A]

12  defendant's anti-SLAPP motion should be granted when a plaintiff presents an

13  insufficient legal basis for the claims or when no evidence of sufficient

14  substantiality exists to support a judgment for the plaintiff." Metabolife International

15  v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (internal quotations omitted).

16  **B.   THE LAWSUIT ARISES OUT OF DEFENDANTS' STATEMENTS OR**

17  **WRITINGS MADE IN A PUBLIC FORUM IN CONNECTION WITH**

18  **AN ISSUE OF PUBLIC INTEREST, AND THUS IS SUBJECT TO**

19  **CALIFORNIA'S ANTI-SLAPP STATUTE**

20       A challenged act qualifies for protection under the anti-SLAPP statute if it

21  falls within one of four categories: (1) any written or oral statement or writing made

22  before a legislative, executive or judicial proceeding, or any other official

23  proceeding authorized by law; (2) any written or oral statement or writing made in

24  connection with an issue under consideration or review by a legislative, executive or

25  judicial body, or any other official proceeding authorized by law; (3) any written or

26  oral statement or writing made in a place open to the public or a public forum in

27  connection with an issue of public interest; or (4) any other conduct in furtherance

28

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

of the exercise of the constitutional right of petition, or the constitutional right of free speech in connection with a public issue or an issue of public interest.  Cal. Civ. Proc. Code § 425.16(e).  The third prong is established here.[3]

### 1. Defendants' Statements Were Made In A Place Open To The Public Or A Public Forum

The California Supreme Court has determined that, as a matter of law, conventional internet venues, such as websites accessible to the public, constitute a public forum or place open to the public for purposes of the anti-SLAPP statute. Barrett v. Rosenthal, 40 Cal.4th 33, 41 (2006).  Therefore, because Defendants' statements were made on a website accessible to the public, the first part of the third prong (a public forum) is established here.

### 2. Defendants' Statements Were Made In Connection With An Issue Of Public Interest

Defendants also can establish the second part of the third prong (an issue of public interest).  The public interest requirement refers to any issue in which the public takes an interest.  Nygard, Inc. v. Uusi-Kerttula, 159 Cal.App.4th 1027, 1042 (2008).  Information concerning contestants on reality television shows has been held to be a matter of public interest for purposes of the anti-SLAPP statute.  Seelig v. Infinity Broadcasting Corp., 97 Cal.App.4th 798, 807 (2002) (comments concerning a contestant on a reality show where the end result was a marriage proposal were considered to be of public interest); see also Hilton v. Hallmark Cards, 599 F.3d 894, 907 (9th Cir. 2010) (finding that Paris Hilton and her reality

---

[3] Although Defendants' conduct also constitutes news-gathering, an activity which is protected, the Court need not reach this issue because the third prong of the statute easily is satisfied here.  See, e.g., Lieberman v. KCOP Television, Inc., 110 Cal.App.4th 156, 163 (2003) (TV station's gathering of information is conduct in furtherance of free speech rights).

1  show were matters of public interest).

2     Also, the fact that the Series is now airing its 17th season demonstrates

3  considerable public interest in the show and its contestants.  Therefore, Defendantsø

4  statements concerning the Series were made in connection with an issue of public

5  interest.

6     **3.    Plaintiffs' Claims Are Not Subject To The Exemptions Set Forth In**

7         **California Code of Civil Procedure Section 425.17**

8         Even when an action otherwise qualifies as a SLAPP suit, there are certain

9  suits that are exempt from dismissal.  California Code of Civil Procedure Section

10 425.17 sets forth the safe harbor provisions of the anti-SLAPP statute: (1) an

11 enforcement action brought in the name of the state by the attorney general, a

12 district attorney or city attorney, acting as a public prosecutor; (2) actions brought

13 solely in the public interest or on behalf of the general public (assuming certain

14 conditions are met); or (3) claims about certain commercial speech (claims against a

15 defendant primarily engaged in the business of selling or leasing goods or services,

16 if the claim arises from representations of fact about defendantøs or a business

17 competitorøs operations, good or services, made for the purpose of promoting sales

18 or leases of its goods and services or in the course of delivering its goods and

19 services).

20    The first two exemptions clearly do not apply because Plaintiffs are not

21 seeking to vindicate public rights.  The third exemption also does not apply because

22 Defendants are not primarily engaged in the business of selling or leasing goods or

23 services; Defendants operate a blog.  Complaint, ¶16.

24

25

26

27

28

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

**C.**    **BECAUSE DEFENDANTS HAVE MADE A PRIMA FACIE SHOWING THAT PLAINTIFFS' SUIT ARISES FROM DEFENDANTS' EXERCISE OF FREE SPEECH, PLAINTIFFS MUST ESTABLISH A PROBABILITY OF PREVAILING ON THEIR CLAIMS**

Because Defendants have established that the suit arises out of written or oral statements or writings made in a place open to the public or a public forum, in connection with an issue of public interest, the burden then shifts to Plaintiffs to establish a probability of success on their claims. Plaintiffs cannot do so because Defendants can establish legal bars to each of Plaintiffs' claims.

   **1.**    **Plaintiffs Cannot Establish A Probability Of Success On Their First Cause Of Action For Intentional Interference With Contractual Relationship**

Plaintiffs cannot prevail on their first cause of action for intentional interference with contractual relationship for several reasons. First, Plaintiffs expressly waived all claims against Defendants except claims to enforce the Settlement Agreement. Second, the first cause of action seeks injunctive relief, but the Settlement Agreement imposed a prerequisite to the filing of any suit for injunctive relief, and Plaintiffs failed to satisfy that prerequisite. Third, the complaint fails to allege actual facts (as opposed to conclusory allegations) to support a claim of interference with contract.

     **a.**    **The Parties' Settlement Agreement Bars All Claims Other Than Those To Enforce The Settlement Agreement**

Paragraph 5.G. of the Parties' Settlement Agreement bars Plaintiffs' first cause of action. When signing the Settlement Agreement, Plaintiffs expressly agreed "not to bring any claim … against any other Party hereto … regarding or related in any [manner] to the claims released in the Agreement, except to enforce

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1   the Agreement." Plaintiffs further agreed that the Settlement Agreement "is a bar to

2   any such claim, action, suit, or proceeding." Exhibit A, ¶5.G.

3          Without question, the claims asserted in the case before this Court relate to

4   the claims released in the Settlement Agreement.[4]  Indeed, the claims are identical.

5   Plaintiffs expressly agreed that the Settlement Agreement barred any claim other

6   than one to enforce the Settlement Agreement.  Because Plaintiffs' claim for

7   intentional interference with contract is not a claim to enforce the Settlement

8   Agreement, it is barred by the Parties' Settlement Agreement.

9          **b.     Because Plaintiffs' First Cause Of Action Was Filed In**

10               **Contravention Of The Parties' Settlement Agreement,**

11               **Plaintiffs Cannot Show A Probability Of Success**

12         Even if the interference with contract claims were not barred by the

13  Settlement Agreement (which they are), the Settlement Agreement imposes a

14  condition that must be satisfied prior to the filing of any suit seeking injunctive

15  relief.  Paragraph 31 of the Complaint, and the second item included in the Prayer

16  for Relief, make clear that the first cause of action seeks injunctive relief.  "As to the

17  First Cause of Action, for a preliminary injunction and a permanent injunction

18  enjoining Defendants from interfering with Plaintiffs' contracts …."  *See* Complaint,

19  Prayer No. 2.

20         Pursuant to Paragraph 1.E. of the Settlement Agreement, before filing a claim

21  for injunctive relief, Plaintiffs were obligated to provide written notice to

22  Defendants of some evidence of breach, and then afford Defendants 10 days to

23  _____

24  [4] Because Plaintiffs admit in their Notice of Related Cases that the First Action and
    this action "involve the same parties, as well as a claim for intentional interference
25  with contractual relations arising from the television show *The Bachelor*," Plaintiffs
26  should be estopped from arguing to the contrary now.  *See* Notice of Related Case,
    Docket 3.
27

28

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1  respond.  The Complaint fails to allege that this prerequisite was satisfied í

2  because it was not.  *See* Carbone Decl., ¶4.  The failure to satisfy this prerequisite is

3  fatal to any claim by Plaintiffs seeking injunctive relief.  Therefore, Plaintiffs cannot

4  show a probability of success on their first cause of action.

### c. Plaintiffs Have No Facts To Support Their First Cause of Action

7  Even if the Settlement Agreement did not bar Plaintiffsø cause of action for

8  interference with contract (which it does), Plaintiffs have failed to allege a single

9  fact of interference, choosing instead to rely on mere conclusory allegations.  This is

10  insufficient as a matter of law.

11  õAn anti-SLAPP motion may be based on ÷any defect in the plaintifføs

12  action,ø including failure to state a claim or failure to adduce evidence to support the

13  claim.ö  Bulletin Displays, 448 F.Supp.2d at 1179, quoting Rogers, 57 F.Supp.2d at

14  976.  Here, Plaintiffs have failed to state a claim because they have not alleged a

15  single fact of interference.[5]  õIf an anti-SLAPP motion is based on legal deficiencies

16  in the complaint, a federal court ÷must determine the motion in a manner that

17  complies with the standards set by Federal Rules 8 and 12.øö  Id.

### 2. Plaintiffs Cannot Establish A Probability Of Success On Their Second Cause Of Action For Breach Of Contract Because They Have Alleged No Facts To Support The Claim

21  The second cause of action for breach of settlement agreement also is based

22  on nothing more than speculation and conclusory allegations.  Whereas the court

23  must assume the truth of õwell pledö allegations in the complaint, the court need not

24  assume the truth of conclusory allegations.  Nicosia v. De Rooy, 72 F.Supp.2d 1093,

---

[5] This failure is discussed more thoroughly in the concurrently-filed motion to
dismiss.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

1  1097 (N.D.Cal. 1999). Here, all of Plaintiffs' allegations are made "upon

2  information and belief" and set forth no facts of any conduct by Defendants which

3  allegedly breached the settlement agreement.

4      It simply is not enough for Plaintiffs to allege, upon information and belief,

5  that "Defendants obtained at least some of the information í by contacting and

6  soliciting information from participants, cast, crew and/or other employees of *The*

7  *Bachelor Series* and by knowingly inducing them to breach their confidentiality

8  obligations to Plaintiffs." Complaint, ¶¶4, 20. Before suing Defendants for breach

9  of the settlement agreement, Plaintiffs, at the very least, needed to have information

10  that the information posted on Defendants' website was obtained from a source, any

11  source, in violation of the Settlement Agreement. Plaintiffs allege no such facts,

12  only conclusions. This is insufficient as a matter of law to state a claim for breach

13  of contract.

14                              **IV.  <u>CONCLUSION</u>**

15      Because Plaintiffs' claims relate to Defendants' statements, made in a public

16  forum in connection with matters of public concern, the complaint is a SLAPP

17  action. Plaintiffs must show a probability of success on their claims. However,

18  because the first claim for interference with contract is barred by the Parties' prior

19  Settlement Agreement, because Plaintiffs failed to comply with the pre-suit notice

20  requirements in the Settlement Agreement, and because Plaintiffs can allege no

21  actual facts to support the claim, Plaintiffs cannot prevail on their first cause of

22  action. Similarly, because Plaintiffs have no facts to establish a breach of the

23  Parties' prior Settlement Agreement, Plaintiffs also cannot show a probability of

24  success on their second claim. For these reasons, Defendants' anti-SLAPP motion

25

26

27

28

C:\_DATA\Carbone-NZK\motion to strike.doc

12

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CALIFORNIA
CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION OF STEPHEN CARBONE IN SUPPORT

1 should be granted, and Defendants should be awarded their attorneys' fees and costs

2 as required under the anti-SLAPP statute.

3

4 Dated: February 11, 2013        LAW OFFICES OF RICHARD W. DAVIS

5

6                        By: /s/ _____

7                              RICHARD W. DAVIS

8                              Attorneys for Defendants STEPHEN CARBONE and REALITY STEVE, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

C:\_DATA\Carbone-NZK\motion to strike.doc

13