LAW OFFICES OF RICHARD W. DAVIS
RICHARD W. DAVIS (SBN 161858)
rdavis@richardwdavis.com
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: 310.551.4123
Facsimile: 323.843.9291

Attorneys for Defendants STEPHEN CARBONE and REALITY STEVE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,

Plaintiffs,

vs.

STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. CV 12-10887 GHK (Ex)

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: March 18, 2013
Time: 9:30 a.m.
Crtrm.: 650

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 18, 2013, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 650 of the of the Western District of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, CA 90012, Defendants Stephen Carbone and Reality Steve, LLC (ñDefendantsò) will and hereby do move the Court to dismiss the complaint filed by Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. (ñPlaintiffsò), pursuant to Fed. R. Civ. P. 12(b)(6), because the complaint fails to state a claim upon which relief can be granted.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

The Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file herein, and upon such further oral and documentary evidence as may be presented at the hearing of the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 14, 2013.

Dated: February 11, 2013

LAW OFFICES OF RICHARD W. DAVIS

By: /s/
RICHARD W. DAVIS
Attorneys for Defendants STEPHEN CARBONE and REALITY STEVE, LLC

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES....1

I. INTRODUCTION....1

II. STATEMENT OF PERTINENT FACTS....1

A. THE PARTIES....1

B. THE PRIOR COURT ACTION....1

C. THE WRITTEN SETTLEMENT AGREEMENT RESOLVING THE FIRST ACTION....2

D. THE CURRENT LAWSUIT....4

III. DISCUSSION....4

A. STANDARDS FOR EVALUATING A MOTION TO DISMISS....4

B. BECAUSE THE COMPLAINT REFERENCES, BUT FAILS TO ATTACH, A SETTLEMENT AGREEMENT, THE COURT MAY CONSIDER THE ENTIRE SETTLEMENT AGREEMENT....5

C. THE FIRST CAUSE OF ACTION FOR INTERFERENCE WITH CONTRACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED....5

1. The First Cause Of Action Is Barred By The Express Terms Of The Settlement Agreement....6

2. The First Cause Of Action Is Barred Because Plaintiffs Failed To Satisfy A Prerequisite To Filing The Claim....6

3. The First Cause Of Action Fails To Allege Facts Sufficient To State A Claim....7

D. THE SECOND CAUSE OF ACTION FOR BREACH OF SETTLEMENT AGREEMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED....8

IV. CONCLUSION....8

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

# TABLE OF AUTHORITIES

**Page**

## CASES

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (1965) .......... 4, 8

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994) .......... 5

Conservation Force v. Salazar, 646 F.3d 1240 (9th Cir. 2011) .......... 4

Dorsey v. Portfolio Equities, Inc., 540 F.3d 333 (5th Cir. 2008) .......... 5

Knievel v. ESPN, 393 F.3d 1068 (9th Cir. 2005) .......... 5

Nicosia v. De Rooy, 72 F.Supp.2d 1093 (N.D.Cal. 1999) .......... 4

Quelimane Co. v. Stewart Title Guar. Co., 19 Cal.4th 26 (1998) .......... 7

Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035 (9th Cir. 2010) .......... 4

## STATUTES

Fed. R. Civ. Pro. 12(b)(6) .......... 1, 4, 5

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The complaint filed by Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. (ñPlaintiffsò) attempts to assert two causes of action, but fails to state a claim upon which relief can be granted. The first cause of action for intentional interference with contractual relations is barred by a settlement agreement between the parties (the ñSettlement Agreementò), and also fails to allege any actual facts (as opposed to conclusory allegations) to establish any interference with contract. The second cause of action for breach of settlement agreement also fails to allege actual facts sufficient to establish the claim. For these reasons, the complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

## II. STATEMENT OF PERTINENT FACTS

### A. THE PARTIES

ñ*The Bachelor*ò is a successful reality television show produced by Plaintiffs. Complaint, ¶1.[1] The Series revolves around a single bachelor eliminating female contestants as he looks for love. Id.

Defendants operate a website known as www.realitysteve.com, which posts updates and spoilers concerning the Series, including updates and spoilers about the season presently being aired. Complaint, ¶¶16, 18.

### B. THE PRIOR COURT ACTION

On or about December 6, 2011, Plaintiffs filed in this Court an action entitled NZK Productions Inc., et al., v. Stephen Carbone, et al., Case No. 11-10118 GHK (Ex), alleging claims against Defendants for intentional interference with contractual relations and unfair competition (the ñFirst Actionò). *See* Plaintiffsô Notice of

[1] Although the complaint neglects to allege that Plaintiffs are the producers of or own any rights in the Series, those facts are not in dispute.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

Related Case, Docket No. 3.[2] In May 2012, Plaintiffs and Defendants resolved the First Action by entering into a written Settlement Agreement, discussed below.

## C. THE WRITTEN SETTLEMENT AGREEMENT RESOLVING THE FIRST ACTION

To resolve the First Action, Defendants signed a Settlement Agreement, pursuant to which they agreed, for a period of five years from May 31, 2012, not to contact, directly or indirectly, ñany Cast, Crew and/or other Employees (each as defined in Paragraph 1.B.) of the Bachelor Series in violation of Paragraph 1.C., below.ò *See* Exhibit A, ¶1.A.

The terms ñCast,ò ñCrewò and ñEmployeesò were specially defined in the Settlement Agreement. *See* Exhibit A, ¶1.B. The term ñIndirectlyò was specially defined in the Settlement Agreement to mean ñto employ, offer financial inducement, or pay financial inducement to a third-party intermediary to solicit non-public information about the Bachelor Series from a Cast, Crew, or other Employee.ò Id. These special definitions are important because they established a limited set of persons from whom Defendants could not solicit information concerning the Series.

The Settlement Agreement defined a breach as occurring in one of two ways:

> (1) where the Carbone Parties and Agents initiate Contact, directly or Indirectly, with any Cast, Crew, and/or other Employees of the Bachelor Series concerning any non-public details of the Bachelor Series; or (2) where the Carbone Parties and Agents do not initiate the Contact with any Cast, Crew, and/or other Employees of the Bachelor Series but, upon

---

[2] Defendants request that the Court take judicial notice of Plaintiffsô Notice of Related Case, Docket Entry No. 3.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

> inquiry and learning that the individual that Contacted them is a Cast, Crew, or other Employee of the Bachelor Series, offer or pay financial inducement for any non-public details of the Bachelor Series.

*See* Exhibit A, ¶1.C. This language of the Settlement Agreement is important because it establishes a number of permissible ways in which Defendants could obtain information concerning the Series, none of which would run afoul of the Settlement Agreement.

In recognition of the fact that certain types of contact with Cast, Crew, Employees and third parties was permitted, and in an effort to avoid any further chilling of Defendantsô right of free speech, the Settlement Agreement imposed upon Plaintiffs the following prerequisite to the filing of a suit seeking injunctive relief:

> The NZK Parties agree to provide written notice to the Carbone Parties of some evidence of breach (e.g., an email, letter, affidavit, etc.), and the Carbone Parties shall have ten (10) calendar days to respond to that evidence, before the NZK Parties seek injunctive relief.

*See* Exhibit A, ¶1.E.

Finally, the parties to the Settlement Agreement agreed not to bring any claim against the other except to enforce the Settlement Agreement:

> Each Party hereby covenants and agrees not to bring any claim, action, suit, or other proceeding against any other Party hereto, directly or indirectly, regarding or related in any matter [sic] to the claims released in this Agreement, except to enforce the Agreement, and each Party further covenants and agrees that this Agreement is a bar to any such claim, action, suit, or proceeding.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

*See* Exhibit A, ¶5.G.

**D. THE CURRENT LAWSUIT**

The 17th season of the Series premiered on January 7, 2013. Complaint, ¶2. Before the series aired, Defendants posted on www.realitysteve.com certain spoilers concerning the season. Id. at ¶¶ 18, 19.

Plaintiffsô complaint includes two claims. The first claim for intentional interference with contract includes a request for injunctive relief, and thus triggers the pre-suit notice requirement set forth in Paragraph 1.E. of the Settlement Agreement. Complaint, ¶31, Prayer No. 2.

## III. DISCUSSION

**A. STANDARDS FOR EVALUATING A MOTION TO DISMISS**

In ruling on a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), the Court is required to accept as true all material factual allegations in the complaint; however, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (1965); Nicosia v. De Rooy, 72 F.Supp.2d 1093, 1097 (N.D.Cal. 1999).

Dismissal is proper if there is ñlack of a cognizable legal theory ***or the absence of sufficient facts alleged under a cognizable theory***.ò Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (emphasis added). ñTo survive a motion to dismiss, a plaintiffôs ***complaint must have sufficient facts 'to state a facially plausible claim to relief***.'ò Id., quoting Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (emphasis added). Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

**B. BECAUSE THE COMPLAINT REFERENCES, BUT FAILS TO ATTACH, A SETTLEMENT AGREEMENT, THE COURT MAY CONSIDER THE ENTIRE SETTLEMENT AGREEMENT**

A plaintiff is not required to attach to the complaint the documents on which it is based. However, if a plaintiff fails to do so, a defendant may attach to a Fed. R. Civ. Pro. 12(b)(6) motion the documents referred to in the complaint to show that they do not support the plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds); Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (when ruling on a motion to dismiss, a court is permitted to consider documents incorporated into the complaint by reference). This practice does not convert the motion to dismiss into a motion for summary judgment. Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

Although Paragraph 33 of the complaint refers to the Settlement Agreement, a copy is not attached. Perhaps it is not surprising that Plaintiffs would exclude the Settlement Agreement since it establishes a complete bar to one of Plaintiffs' purported claims. In any event, the Settlement Agreement is attached to this motion as Exhibit A.

**C. THE FIRST CAUSE OF ACTION FOR INTERFERENCE WITH CONTRACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs' attempt to state a claim for interference with contract fails for several reasons. First, the claim is barred by the express terms of the Settlement Agreement. Second, the claim is barred because Plaintiffs failed to satisfy a contractually-imposed prerequisite to the filing of the claim. Third, the complaint is devoid of facts sufficient to state a claim for interference with contract.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

**1. The First Cause Of Action Is Barred By The Express Terms Of The Settlement Agreement**

Paragraph 5.G. of the Settlement Agreement bars Plaintiffsô first cause of action. When signing the Settlement Agreement, Plaintiffs expressly agreed ñnot to bring any claim é against any other Party hereto é regarding or related in any [manner] to the claims released in the Agreement, except to enforce the Agreement.ò *See* Exhibit A, p. 4. Plaintiffs further agreed that the Settlement Agreement ñis a bar to any such claim, action, suit, or proceeding.ò Id.

The claims asserted in the first cause of action undeniably relate to those claims released by the Settlement Agreement. Plaintiffs admitted this when filing their Notice of Related Case: ñ[T]he First-Filed Action [the claims being released in the Settlement Agreement] and the above-captioned action ñinvolve the same parties, as well as a claim for intentional interference with contractual relations arising from the television show *The Bachelor*,ò although based on different facts.ò *See* Notice of Related Case, Docket 3. However, because the present action asserts claims ñregarding or related in any [manner] to the claims released in [the Settlement] Agreement,ò Plaintiffs are precluded from filing the complaint before this Court. Plaintiffs expressly agreed that the Settlement Agreement would bar any claim other than one to enforce the Settlement Agreement. Because Plaintiffsô claim for intentional interference with contract is not a claim to enforce the Settlement Agreement, it is barred by the express terms of the Partiesô Settlement Agreement.

**2. The First Cause Of Action Is Barred Because Plaintiffs Failed To Satisfy A Prerequisite To Filing The Claim**

Even if the interference with contract claim were not barred by the Settlement Agreement, the Settlement Agreement imposes a condition that must be satisfied prior to the filing of any suit seeking injunctive relief. Pursuant to Paragraph 1.E. of the Settlement Agreement, before filing a claim for injunctive relief, Plaintiffs were

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

obligated to provide written notice to Defendants of some evidence of breach, and then afford Defendants 10 days to respond. Exhibit A, ¶ 1.E. The Complaint fails to allege that this prerequisite was satisfied.

Without question, the first cause of action seeks injunctive relief, thus triggering the pre-suit notice requirement. Paragraph 31 of the Complaint, and the second item included in the Prayer for Relief, make clear that the first cause of action seeks injunctive relief. Paragraph 31 discusses Defendantsô alleged ongoing conduct and the resulting ñgreat and irreparable injury, for which damages would not afford adequate relief.ò *See* Complaint, ¶31. And the Prayer clearly requests injunctive relief: ñAs to the First Cause of Action, for a preliminary injunction and a permanent injunction enjoining Defendants from interfering with Plaintiffsô contracts é .ò *See* Complaint, Prayer No. 2.

Because the first cause of action seeks injunctive relief, and because Plaintiffs failed to satisfy the pre-suit notice that is a prerequisite to any such claim, Plaintiffsô interference with contract claim fails. Thus, Plaintiffs have failed to state a claim upon which relief can be granted.

**3. The First Cause Of Action Fails To Allege Facts Sufficient To State A Claim**

To state a claim for interference with contract, Plaintiffs must set forth sufficient facts to establish: (1) a valid contract between Plaintiffs and a third party; (2) Defendantsô knowledge of the contract; (3) Defendantsô intentional acts designed to induce breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. Quelimane Co. v. Stewart Title Guar. Co., 19 Cal.4th 26, 55 (1998).

The first cause of action consists entirely of conclusory allegations, and is devoid of any facts which would state a facially plausible claim to relief. Plaintiffs fail to allege a ***specific*** valid contract. Without pleading a specific valid contract, Plaintiffs cannot allege Defendantsô knowledge of that contract. Without pleading

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

Defendantsô knowledge of a specific valid contract, Plaintiffs cannot establish any intentional acts designed to induce breach or disruption of that contract. Without alleging a specific contract, Plaintiffs cannot allege an actual breach of that contract.

Plaintiffs must allege specific facts concerning the specific contract with which Defendants purportedly interfered in order to raise a right to relief above a speculative level. Anything short of that constitutes an absence of sufficient facts to support a cognizable legal theory.

**D. THE SECOND CAUSE OF ACTION FOR BREACH OF SETTLEMENT AGREEMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Similarly, Plaintiffsô breach of contract cause of action is factually deficient. Although Plaintiffs allege the existence of the written Settlement Agreement, they have not alleged how Defendants breached that agreement, other than in a conclusory fashion: ñUpon information and belief, the information posted by Defendants on the Website was obtained in breach of the Settlement Agreement.ò Complaint, ¶35. The Court need not accept conclusory allegations as true. Twombly, 550 U.S. at 555. Should not Plaintiffs have to identify the specific persons contacted in order to establish that such contact was in violation of the Settlement Agreement? The cause of action consists entirely of conclusory allegations, but no specific facts which would state a facially plausible claim for relief. That is insufficient.

## IV. CONCLUSION

Because Plaintiffsô first cause of action is barred by the express terms of the Settlement Agreement and sets forth only conclusory allegations rather than actual facts, it should be dismissed. Similarly, because the second cause of action fails to allege sufficient facts to support a cognizable legal theory, it should be dismissed.

LAW OFFICES OF RICHARD W. DAVIS
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Tel 310.551.4123 | Fax 323.843.9291

Accordingly, Defendants respectfully request that this motion be granted and Plaintiffsô complaint be dismissed.

Dated: February 11, 2013

LAW OFFICES OF RICHARD W. DAVIS

By: /s/

RICHARD W. DAVIS
Attorneys for Defendants STEPHEN CARBONE and REALITY STEVE, LLC